2014 MAR -5 PM 12: U**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

JACKSONVILLE Division

## CIVIL RIGHTS COMPLAINT FORM

COREY MELLEDGE

CASE NUMBER: 3:14-CV-248-J-32MCR
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

V.

WALTER MCNEEL
J.D. REDDISH
BRAD WHITEHEAD
NAN A. JEFFCOAT

ERIC CANIDA          JULIA BULLARD
BARRY WALDEN         BRIAN NORMAN
JESSE KELLY          CHRISTOPHER MCFARLAND
MICHEAL JENKINS      VERNON LEE
FREDERICK WALKER     SALENA GASKINS
PHILL MAGINNES       JAMES FLEMING
CRAIG SLOCUM         SHAWN SWAIN
MICHEAL HARRIS

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I.   PLACE OF PRESENT CONFINEMENT: SANTA ROSA CORRECTIONAL INSTITUTION 5850 E. MILTON RD
     (Indicate the name and location)
     MILTON, FL 32583

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.  **Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22** (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No ( )

       a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

       b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.  Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)                                                 2

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2_____.

_____
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No ( )

   If your answer is YES, answer the following questions.

   A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

   B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

   C. If your answer is YES:

      1. What steps did you take? _____

      _____

      2. What were the results? _____

      _____

      3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

   D. If your answer is NO, explain why not: _____

   _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2_____.

                                              _____
                                              Signature of Plaintiff

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ) No (L)

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes (L) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s): _Corey Milldoge_

   Defendant(s): _~~Moe Deneaopi~~ Walter McNeil_

2. Court (if federal court, name the district; if state court, name the county):
   _United State District Court, Jacksonville_
   _Middle District of Florida, Division_

3. Docket Number: _3:07-CV-976-J-34 MCR_

4. Name of judge: _I Dont Recall_

5. Briefly describe the facts and basis of the lawsuit: _A Excessive_
   _used of force case_

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
   _Settlement_

7. Approximate filing date: _I Dont Recall_

8. Approximate disposition date: _I Dont Recall_

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                         5

_____

_____

_____

_____

_____

V. **PARTIES**: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: _____

   Mailing address: _____

   _____

B.  Additional Plaintiffs: _____

   _____

   _____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

D.  Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

E. Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

F. Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

G. Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

VI.  **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

VIOLATION OF THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION AGAINST DEFENDANTS BELOW.

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

1) March 15, 2010, at Union Correctional Institution. Inmate Robert Willis physically assaulted Milledge while defendants Caneda, Lee and Fleming stood by watching and did not intervene.

2) On March 25, 2010, at Union Correctional Institution. Defendant Fleming physically assaulted Milledge while defendants Lee and Caneda stood by watching and did not intervene.

Statement of Facts, continued:

3) On April 1, 2010, at Union Correctional Institution, a officer twisted Milledge left thumb way back as an attempt to break it while defendant Swain and other correctional officers stood by watching and did not intervene.

4) On April 2, 2010, at Union Correctional Institution, Defendant Swain made threats against Milledge.

5) On April 4, 2010, at Union Correctional Institution, Defendant Gaskins denied medical treatment to Milledge.

6) On April 21, 2010, at Union Correctional Institution, Defendant Fleming made threats against Milledge.

7) On April 26, 2010, at Union Correctional Institution, Defendant Fleming made threats against Milledge.

8) On May 7, 2010, at Union Correctional Institution, Defendants Fleming and Canida physically assaulted Milledge while Defendant Lee stood by watching and did not intervene.

9) On May 19, 2010, at Union Correctional Institution, Defendants Fleming and Swain made threats against Milledge.

Continue →

10) ON MAY 20, 2010, AT UNION CORRECTIONAL INSTITUTION. DEFENDANT SWAIN MADE THREATS AGAINST MILLEDGE.

11) ON MAY 23, 2010 AT UNION CORRECTIONAL INSTITUTION. DEFENDANT GASKINS DENIED MEDICAL TREATMENT TO MILLEDGE.

12) MAY 26, 2010 AT UNION CORRECTIONAL INSTITUTION. DEFENDANTS CANEDA, FLEMING, JENKINS, WALDEN, KELLY, SWAIN, PHYSICALLY ASSAULTED MILLEDGE WHILE DEFENDANT WALKER STOOD BY WATCHING AND DID NOT INTERVENE. OFFICER HOLLAND AND OTHER CORRECTIONAL OFFICERS WHO FULL NAMES IS UNKNOWNED STOOD BY WATCHING AS WELL.

13) ON MAY 31, 2010, AT UNION CORRECTIONAL INSTITUTION. DEFENDANT GASKINS DENIED MEDICAL TREATMENT TO MILLEDGE.

14) ON JUNE 10, 2010, AT UNION CORRECTIONAL INSTITUTION. DEFENDANTS MACINNES, SLOCUM, HARRIS, MCFARLAND, BULLARD, AND OFFICER SWEGGS WHO FULL NAME IS UNKNOWNED PHYSICALLY ASSAULTED MILLEDGE WHILE OFFICER BRADEN STOOD BY WATCHING.

15) ON MAY 19, 2011 AT UNION CORRECTIONAL INSTITUTION. DEFENDANT HARRIS PHYSICALLY ASSAULTED MILLEDGE. PLUS, OFFICERS BRADEN AND MACEY PHYSICALLY ASSAULTED MILLEDGE AS WELL.

16) DEFENDANTS MCNEIL, REDDISH, WHITEHEAD AND SEFFCOAT WAS PUT ON NOTICE DEFENDANTS ALLEGED ABOVE, PHYSICALLY ASSAULTED MILLEDGE.

CONTINUED

10

17) On June 11, 2010, at Union Correctional Institution, Defendant Norman physically assaulted Mulledge while a officer stood by watching.

VIII.   RELIEF REQUESTED: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

1) A JURY TRIAL AGAINST DEFENDANTS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this __2ⁿᵈ__ day of __MARCH__, 2 0 1 4.

*[signature]*
DC# B-Q12023

(Signatures of all Plaintiffs)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THE ORIGINAL OF THIS CIVIL RIGHT COMPLAINT FORM HAS BEEN PLACED IN PRISON GUARDS HANDS OF SANTA ROSA C.I., TO BE FURNISHED BY U.S. MAIL TO THIS COURT 300 N. HOGAN ST., SUITE 9-150 JACKSONVILLE, FL 32202, ON THIS 2ⁿᵈ DAY OF MARCH 2014.

PROVIDED TO SANTA ROSA C.I. ON
MAR 02 2014
FOR MAILING

Corey Millidge
Corey Millidge DC# 912023
SANTA ROSA C.I.
5850 E. MILTON RD
MILTON, FL 32583

13