**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

COREY MILLEDGE,

        Plaintiff,

v.                                                   Case No. 3:14-cv-248-J-32MCR

WALTER MCNEIL, et al.,

        Defendants.

_____

**ORDER**

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff is currently proceeding on a First Amended Complaint (Doc. 19), in which he names twenty-one individuals as Defendants. Plaintiff's factual allegations begin in March 2010 and go through May 2011.[1] He lists fourteen counts, including claims of excessive uses of force, failure to intervene, denial of medical treatment, failure to protect, and failure to supervise and/or train employees. He also includes a claim for injunctive relief against the current Secretary of the Florida Department of Corrections.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court

---

[1] Plaintiff once refers to November 22, 2003, but taken in context, the Court assumes this is a scrivener's error. See First Amended Complaint at 18.

must liberally construe the plaintiff's allegations. Haines v. Kerner, 404 U.S. 519 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654 F.3d at 1175. Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (internal quotations and citation omitted). In the absence of a federal constitutional

deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Count XIV is entitled, "Request for Injunctive Relief Against Defendant Julie Jones in her Official Capacity." First Amended Complaint at 52 (emphasis omitted). In this Count, Plaintiff alleges that in December 2009, he had shoulder surgery and "[a]n orthopedist at the reception and medical center recommended surgery on Plaintiff's right shoulder ninety (90) days thereafter." Id. at 53. According to Plaintiff, he still has not had the surgery, despite his repeated grievances requesting that the recommended surgery be completed. Id. As relief, Plaintiff requests that "an order directing Defendant Jones to provide Plaintiff surgery on his right shoulder within ninety (90) days" be entered. Id. at 54.

A request for an injunction is not a separate cause of action, but rather a remedy. See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1127 (11th Cir. 2005) ("There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6)." (quotations and citation omitted)). "An injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise." Id. (quotations and citation omitted). The request for injunctive relief in Count XIV is unrelated to the substantive claims in the remaining counts. Plaintiff's first shoulder surgery occurred in December 2009, and his substantive factual allegations in support of the remaining counts begin in 2010. He does

not assert that the first shoulder surgery was a result of any of the Defendants' actions. This Count cannot be a freestanding claim, and thus, it is due to be dismissed.

Even if the Court construes this Count as a claim for deliberate indifference to a serious medical need, there are insufficient factual allegations relating to Defendant Jones to state such a claim. Plaintiff's allegations regarding his submission of "numerous grievances" and his belief that Defendant Jones or her "agents [are] refusing to provide Plaintiff surgery as a way to save money" are conclusory and lack factual allegations in support. Moreover, to the extent Plaintiff is attempting to hold Defendant Jones liable based on the theory of supervisory liability (respondeat superior), the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Therefore, even liberally construing this Count, Plaintiff has failed to state a claim upon which relief may be granted.

Finally, in the section of the First Amended Complaint in which Plaintiff lists the named Defendants, he states that he is suing Defendants McNeil, Reddish, Whitehead, and Jeffcoat in their individual and official capacities. See First Amended Complaint at 2-3. Defendant McNeil is a former Secretary of the Florida Department of Corrections, Defendant Reddish is a former warden of Union Correctional Institution (UCI), and Defendants Whitehead and Jeffcoat are former assistant wardens of UCI. To the extent Plaintiff sues these Defendants in their official capacities for monetary damages, the Eleventh Amendment bars such claims. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); Manders

v. Lee, 338 F.3d 1304, 1308-09 (11th Cir. 2003); Jackson v. Georgia Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."). Thus, all claims for monetary damages against these Defendants in their official capacities are due to be dismissed.

In light of the foregoing, it is

**ORDERED**:

1. Count XIV is **DISMISSED without prejudice**, and the corresponding injunctive request for relief regarding an order directing Defendant Jones to provide Plaintiff surgery on his right shoulder within ninety (90) days is **STRICKEN** from Plaintiff's prayer for relief. As Defendant Jones is only named in Count XIV, she is **DISMISSED** as a Defendant from this case.

2. All claims for monetary damages against Defendants McNeil, Reddish, Whitehead, and Jeffcoat in their official capacities are **DISMISSED without prejudice**.

3. Judgment in accordance with this Order will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

4. By **August 17, 2016**, Plaintiff shall submit to the Clerk of Court twenty copies of his First Amended Complaint (Doc. 19) for service on the remaining Defendants. When the service copies are received, the Court will direct service of process.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of July, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

5

cr 7/13
c:
Corey Milledge, #Q12023
Counsel of Record